Filed 1/6/22  P. v. Polson CA4/1
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ANN MARIE POLSON,<br><br>  Defendant and Appellant. | D078158<br><br><br>(Super. Ct. No. JCF32385) |

APPEAL from an order of the Superior Court of Imperial County, Marco Nunez, Judge.  Reversed and remanded with directions.

Cliff Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

In 2014, Ann Marie Polson was charged with murder and conspiracy to commit murder.  She pleaded guilty to voluntary manslaughter and admitted

the use of a firearm (Pen. Code,[1] §§ 192, subd. (a), 12022.5) as part of a plea agreement. The remaining charges and allegations were dismissed. The court sentenced Polson to a determinate term of 21 years in prison.

In 2020, Polson filed a petition for resentencing pursuant to section 1170.95. In her petition, Polson alleged she pleaded guilty to manslaughter to avoid a conviction for murder under the felony murder rule or the natural and probable consequences doctrine. The trial court appointed counsel, received briefing, and then denied the petition on the grounds her conviction for manslaughter rendered Polson ineligible for resentencing under Senate Bill No. 1437.

Polson filed a timely notice of appeal.

In August 2021, this court issued an unpublished opinion affirming the trial court's order denying Polson's petition for resentencing. (*People v. Polson* (Aug. 4, 2021, D078158).)

We held that persons convicted of voluntary manslaughter were not eligible for resentencing under section 1170.95.

While this case has been pending, the Legislature enacted Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775) which amended section 1170.95 to make clear that convictions for manslaughter and attempted murder could be eligible for resentencing under that section.

In October 2021, our Supreme Court granted review in this case (S270850) and remanded the case with directions to reconsider the case in light of Senate Bill 775's amendments to section 1170.95.

We requested and received supplemental briefing from the parties. Polson argues the case must be remanded to the trial court. The Attorney General agrees and concedes that on this record the trial court should be

---

[1] All further statutory references are to the Penal Code.

directed to issue an order to show cause (OSC) and to conduct an evidentiary hearing as required by section 1170.95, subdivision (d)(3). We agree with the parties and will remand the matter to the trial court with directions.

## DISCUSSION

Senate Bill 775 and its amendments to section 1170.95 became effective January 1, 2022. Polson's appeal from the denial of the resentencing petition was not final by that date; thus, Polson can take the benefit of the new legislation. (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

This appeal is from a conviction based on a plea agreement. There was not a trial as part of the record of conviction. As the Attorney General concedes, there is no record of conviction that establishes, as a matter of law, that Polson is not eligible for relief under the resentencing statute as it has now been amended. Accordingly, we will direct the court on remand to issue an OSC and conduct an evidentiary hearing. We express no opinion as to how the petition should be resolved.

## DISPOSITION

The order denying Polson's petition for resentencing under section 1170.95 is reversed. The case is remanded to the superior court with

directions to issue an OSC and to conduct an evidentiary hearing as required by section 1170.95.


HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


GUERRERO, J.

4